In The United States District Court For The Western District of Oklahoma

Bryan Wayne Davenport,
 Plaintiff,

V.

Becky Pata, et al.,
 Defendants.

CIV-20-358-C

FILED
SEP 25 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

## Motion For Summary Judgment Against Defendant Beem and Brief in Support

Comes Now Plaintiff Bryan Davenport, proceeding pro se, and hereby submits this Motion for Summary Judgment with reguards to the Defendants motion to dismiss. This motion filed pursuant to Fed. R. Civ. P. 56, respectfully requests a Order for Summary Judgment, as Defendant Beem's willfull blindness and failure to follow established policy, demonstrate a practice or custom of deliberate indifference, that caused pain anguish and an irreparable harm. In support hereof, Plaintiff states the following:

p 1 of 7

A. Exhaustion of Administrative remedies

1) Officials refuse to accept Plaintiff's pro se status and refuse to provide materials and supplies, because I am Pro se in this "Civil Case and not in my Criminal Case" as shown in exhibit P. So in order to save paper I ask the Court to accept the arguement on (p 8-11 of the Motion for Summary Judgment Against Defendant Garner) to apply to this (Motion against Defendant Beem), since Defendant's allege the same.

B. SPECIAL REPORT

1) All Defendants rely on the Special Report that was produced by CCDC officials. I ask the Court to accept the arguement made on (p 9-11 of the Motion for Summary Judgment Against Defendant Garner) and apply it to this (Motion Against Defendant Beem). Plaintiff respectfully request that the Special Report Not be accepted by this Court.

C. Defendant Beem in his official Capacity

1. Official Policy
(Doc. 54 p5) Defendant alleges "among the many factual

deficiencies..., Plaintiff does not identify any specific policy or custom of the County." The CCDC custody manual is not promulgated and the Special Report did not include (Chapter 7 Medical/Mental Health) so that this arguement could be made or in the (Doc 16) this Court ordered the "relevant policies shall be included in the Special Report" in order to develop a sufficient record. Relevant (Policy 702.3) States "Inmate Access to Health Care • Inmates may access health care in the following manner: 702.3 (d) States "Inmates may question or complain about their care or denial of care through the grievance system. Health care-related grievances are to receive priority attention and should be forwarded to a supervisor as soon as practicable. Grievances should be promptly fowarded by the supervisor to the health care professional.

2. Constitutional Right

A pretrial detainee, such as myself, is entitled to medical attention under the Eighth and Fourteenth Amendments and where the circumstances are clearly sufficient to indicate the need of medical attention for an illness, the denial of such aid constitutes cruel and usual punishment, and the deprivation of Constitutional Due Process.

D. Municipal Liability

CCDC's refusal to accept my prose status at the jail shown in (exhibit P) and the refusal to allow access to the law libray and out of my cell has extremely prejudiced my ability to study different "municipal liability Theorys."

- Defendant ignores that an official's actions can give rise to "municipal liability" where the decision maker posses final authority to establish municipal policy with respect to the action ordered." Action/Inaction Theory. Defendant Beem, in his Official Capacity as Grievance Coordinator, has final policy making decision ability. Defendant can decide what happens to a grievance, if it is completed or requires further action. Therefore, Defendant Beem has final policy making authority with respect to the jail, such that his actions establish an "Official policy or Custom" that the Plaintiff may challenge. It is also the officials at CCDC who are unknown to me, that it properly and adequately train and supervise it employee's. But because of this failure to train and supervise and also Defendant Beem's policy making decision, the Plaintiff suffered a deliberate indifference because (policy 702.3(d)) was not initiated and was denied medical care, and relief of injury again, ignoring a Constitutional violation.

E. Personal Participation that Resulted in Harm

See (Doc 54 p 7) Defendant alleges that "by Plaintiff's own admission, there is no allegation that Defendant Beem was aware that Plaintiff was suffering from any sufficiently serious risk of harm, nor ... Defendant Beem simply ignore such a risk.

See (Doc 1 p 8) States "He had direct knowledge of a Constitutional violation ..., to stand by and do nothing ... is not a reasonable reaction or response.

This was not a single incident of unconstitutional activity. Each filed grievance, (exhibit F, G, H, and I in the Special Report) that were appealed, are seperate incidents. Each one stated I was denied medical, I don't know how I could have put it any simpler, that I had not received medical treatment. Defendant Beem, personally, had four opportunities to foward four different grievances to his supervisor. Four seperate opportunities to take action, and enact (policy 702.3(a)). He chose to inact and follow his own policy that led to deliberate indifference and a continuum of harm and immunological decline. An injustice to one's Constitutional Rights is an irreaperable harm, especially if that harm could have been prevented but was ignored.

F. Compensatory and Injunction

For personally denieing medical care and intentionally refusing to follow established policy, Plaintiff seeks $50,000. Because money damages are inadequate to compenstate for irreparable harm and because the Plaintiff was prejudiced he seeks an Injunction Dismissing the charges in CF-19-494 with Prejudice and to discharge the Plaintiff immediately.

## Conclusion

Plaintiff feels to have made a valid claim against Defendant Beem, in his Official Capacity that allows this Court to draw a reasonable inference from factual content. The Defendant is personally responsible for violating the Plaintiff's Eighth and Fourteenth Amendment Rights, that guarantee inmate's medical care. The Plaintiff tried to access medical care through the grievance system four seperate occasions, and on four seperate occasions the grievance's were appealed but Defendant Beem refused to follow (policy 702.3(d)). Defendant Beems action/inaction was deliberately indifferent to the Plaintiff's serious medical condition. This deliberate indifference led to short term suffering and immunological decline, that could had easily been avoided.

Therefore, Plaintiff, respectfully requests Summary Judgment pursuant to Rule 56 and an Order declaring that the Defendant has acted in violation of the United States Constitution and

because of the violations, the Plaintiff has suffered pain, anguish, and an irreparable harm. Plaintiff is entitled money damages for pain and suffering sufficient to compensate him, and in no event less than $50,000. Because the Plaintiff has been prejudiced and an irreparable harm has occurred that money damages are inadequate to compensate for, Plaintiff seeks an Injunction Dismissing the charges in CF-19-494 with Prejudice, and to be discharged immediately.

Respectfully submitted

By D.A.

Bryan W Davenport
20190016060 CCDC
2550 W. Franklin Rd
Norman, OK 73069